UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
OCALA DIVISION

SEAN BOGLE as Personal Representative of the
ESTATE OF BRENDA PREVATT,

    Plaintiff,

v.

REGINALD MARQUIS CRIMES and SWILL'S TRUCKING, LLC,

    Defendants.
_____/

CASE NUMBER: 22-CA-1565

## DEFENDANT REGINALD MARQUIS CRIMES'S NOTICE OF REMOVAL

Defendant REGINALD MARQUIS CRIMES ("CRIMES"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Circuit Court of the Fifth Judicial Circuit, in and For Marion County, Florida, to the United States District Court, Middle District of Florida, Ocala Division. In support of this removal, Defendant advises the Court as follows:

**I.  This Court has original jurisdiction over this matter and as such, removal is appropriate.**

1. On or about August 1, 2022, Plaintiff filed a Complaint alleging wrongful death in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, captioned SEAN BOGLE as Personal Representative of

the ESTATE OF BRENDA PREVATT, Plaintiff, v. REGINALD MARQUIS CRIMES and SWILL'S TRUCKING, LLC, Case No. 22-CA-1565.

2. As required by 28 U.S.C. § 1446(a), true and correct copies of all of the process, pleadings, and other papers on file with the state court in this action are attached as Composite Exhibit A.

3. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1441 because this action could have originally been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, there is the requisite diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4. Venue is properly in the Ocala Division of the Middle District of Florida, as this case was filed in the Circuit Court of the Fifth Judicial Circuit, in and for Marion County.

5. Pursuant to 28 U.S.C. § 1446(d), notice of this Notice of Removal is being provided to PLAINTIFF and the state court clerk contemporaneously with the filing of this Notice of Removal with this Court.

## II. This Notice of Removal has been timely filed pursuant to 28 U.S.C.A. § 1446(b)(3) and 28 U.S.C.A § 1446(c)(1).

6. This Notice of Removal is being timely filed, in that 28 U.S.C.A. § 1446(b)(3) provides that a notice of removal may be filed within 30 days

after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. CRIMES was served with the Complaint on October 19, 2022, at which point it became ascertainable that this case was removable based on diversity of the parties.

7. Furthermore, the Complaint was filed on August 1, 2022, and this Notice is being filed on November 7, 2022. Because the period of time between filing of the original Complaint and CRIMES's Notice does not exceed one year, this Notice of Removal has been timely filed pursuant to 28 U.S.C.A § 1446(c)(1).

### III. There is diversity of citizenship between all parties.

8. There is complete diversity of citizenship of the parties. For diversity purposes, citizenship is equivalent to "domicile." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id*. at 1257-58. *See also Diller v. Heartland AG Group of Springfield, Inc.*, 5:10-CV-672-OC-34TBS, 2011 WL 13295824, at *3 (M.D. Fla. Sept. 28, 2011). To discern intent, the Court may consider factors including "home

ownership, driver's license, voting registration, location of family, location of business and where taxes are paid." *Turner v. Penn. Lumbermen's Mut. Fire Ins. Co.*, No. 3:07-cv-374-J-32TEM, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007); *see Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995) ("Persuasive evidence of intent can include establishment of a home, place of employment, location of assets, and registration of car, and, generally, centering one's business, domestic, social, and civic life in a jurisdiction."); *see also McCormick*, 293 F.3d at 1258.

9. Ms. Prevatt was a resident of the state of Florida on the date of her death. In Plaintiff's Complaint, it is alleged that SEAN BOGLE was and is the duly appointed Personal Representative of the Estate of BRENDA PREVATT, deceased. Said Estate is pending in the Circuit Court of Marion County, Florida. (Exhibit A, p. 1, ¶2)

10. REGINALD MARQUIS CRIMES was a resident of the state of Georgia at the time the Complaint was filed. (*see* Exhibit B) He lived and worked in Georgia, and held a Commercial Driver's License issued in Georgia. (Exhibit B).

11. Defendant SWILL'S TRUCKING, LLC is a Georgia limited liability corporation whose corporate office is located at 4912 Dorado Cir.,

Columbus, GA 31907. For diversity purposes, a limited liability company is a citizen of any state of which its members are a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

12. The only member of SWILL'S TRUCKING is the individual named Willie Hooten who is a citizen of Columbus, Georgia and works in Columbus, Georgia. **(See Affidavit of Willie Hooten, Exhibit C).**

13. Because the Defendants are citizens of foreign states or states other than Florida and all Plaintiffs are citizens of Florida, there is complete diversity of citizenship as to the parties in conformance with 28 U.S.C.A. § 1332.

## IV.  The amount in controversy exceeds the $75,000 threshold requirement.

14. The nature of this claim (wrongful death) coupled with Plaintiff's demand for $1,000,000.00 suggest that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1441. (Exhibit B).

15. The Eleventh Judicial Circuit Court of Appeals has held that, in determining the amount in controversy, the Court should 1) first look to the face of the complaint; and 2) if the amount in controversy is "not facially apparent from the complaint, then the court should look to the notice of removal," along with other relevant evidence. *Pretka v. Kolter*

*City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

16. Plaintiff claims in the Complaint that this is an action for damages that exceed Thirty Thousand Dollars, (Exhibit A, p. 1, ¶1), which is the jurisdictional minimum for filing in Florida's circuit courts. The Complaint goes on to state that the decedent, BRENDA PREVATT, sustained serious and permanent injuries, resulting in her death. (Exhibit A, p. 3, ¶16)

17. The Plaintiff further claims that the decedent's two Survivors have suffered, and will continue to suffer loss of support, services, companionship, affection, mental pain and suffering. Plaintiff makes claim for these damages and all other damages allowable by the Florida Wrongful Death Law. (Exhibit A, p. 4, ¶18).

18. The Estate has made a demand for $1,000,000.00 supporting that the amount in controversy exceeds $75,000.

19. Additionally, a reasonable reading of the Plaintiff's Complaint makes apparent that the amount in controversy does exceed $75,000.00. As noted above, this is a wrongful death action; the Complaint alleges that Ms. Prevatt died as a result of her injuries. Her two survivors named in the Complaint are seeking damages for loss of support, services,

companionship, affection, mental pain and suffering and all other damages allowable by the Florida Wrongful Death Law. *Id*.

20. In some cases, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when "the complaint does not claim a specific amount of damages." *See id.* at 754 (*quoting Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir.2001)). Such is the case at present.

21. Courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal judicial requirements. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010). *See Estevez-Gonzalelz v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985), for the proposition that a complaint alleging physical and mental pain met that court's $10,000.00 amount in controversy. *See also Mangano v. Garden Fresh Restaurant Corp.*, Case No. 2:15-cv-477-FtM-99MRM, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount.") (citing *Dart*, 135 S. Ct. at 554). Defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Pretka v. Kolter City Plaza Two, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

22. When a district court can determine, based on its judicial experience and common sense, that a claim satisfies the amount in controversy requirements, it need not give credence to a plaintiff's representations that the value of the claim is indeterminate. Otherwise, a defendant could be wrongly denied the removal to which it is entitled. *Roe* at 1064.

23. If the nature of the claim and damages alleged in the Complaint alone does not satisfy this Court that the damages meet the jurisdictional threshold, Plaintiff's $1,000,000 demand should speak for itself.

24. Where a plaintiff does not request damages in his complaint in excess of $75,000 and merely alleges that the damages exceed the jurisdictional threshold for state courts, the removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement. *Pantages v. Cardinal Health 200, Inc.*, No. 5:08-CV-116-OC-10GRJ, 2008 WL 11335074 at *2 (M.D. Fla. June 5, 2008) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), overruled on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *Frith v. Auto–Owners Ins. Co.*, No. 8:08–cv–311–T–24TGW, 2008 WL 1897586, at *1 (M.D. Fla. Apr. 28, 2008); *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1348 (M.D. Fla. 2001)).

25. "The amount in controversy is not proof of the amount the plaintiff will recovery. Rather, it is an estimate of the amount that will be put at issue in the course of litigation." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005).

26. When the defendant can persuade the Court that a demand or other settlement offer is a fair assessment of the damages, as opposed to a plaintiff's mere posturing, settlement offers and demand letters should be considered by the Court in determining whether a case exceeds the amount in controversy. *Pantages* at 3* (citation omitted); *Golden v. Dodge–Markham Co.*, 1 F. Supp. 2d 1360, 1364 (M.D. Fla. 1998); see also *Golden Apple Mgmt. Co. v. GEAC Computers, Inc.,* 990 F. Supp. 1364, 1367–68 (M.D. Ala. 1998) (settlement negotiation letter was an "other paper" where it included facts clearly supporting removal).

27. Here, given that the Complaint alleges permanent injuries resulting in Ms. Prevatt's death, coupled with the survivors' claims for loss of support, services, companionship, affection, mental pain and suffering and all other damages allowable by the Florida Wrongful Death Law, in addition to the demand for $1,000,000.00, it is clear that the Plaintiff's value of this case exceeds $75,000.00.

## V. **Conclusion**

28. In sum, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, this Court has original jurisdiction of this civil action and the requirements for removal on the basis of diversity jurisdiction have been satisfied because there is diversity of citizenship between all parties and the matter in controversy exceeds the value of $75,000.00.

29. A copy of this Notice of Removal is being filed with the Clerk of Court for the Circuit Court for the Fifth Judicial Circuit of Marion County, Florida, together with a Notice of Filing Notice of Removal pursuant to 28 U.S.C. 1446(d).

30. No previous application for the relief sought in the Notice of Removal herein has been made to this or any other Court.

31. Counsel hereby certifies that Defendant SWILL'S TRUCKING, LLC consents to the removal of this action.

WHEREFORE, Defendant REGINALD MARQUIZ CRIMES, by and through its undersigned counsel, respectfully notices the removal of this action now pending against it in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, Case 22-CA-1565 to the United States District Court for the Middle District of Florida, Ocala Division.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of November, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and furnished a copy via email to the following: Joseph F. Scarpa, Jr., Esq., Dan Newlin Injury Attorneys, 7335 W Sand Lake Road, Suite 300, Orlando, FL  32819.

    /s/ Justin T. Saar
JUSTIN T. SAAR, ESQUIRE
Florida Bar Number:  70512
Primary: jsaar@ogdensullivan.com
Secondary: eservice@ogdensullivan.com
CAITLIN E. COSTA, ESQUIRE
Florida Bar Number:  112428
OGDEN SULLIVAN STOVER & SAAR, P.A.
5422 Bay Center Drive, Suite 100
Tampa, FL  33609-3420
(813) 223-5111
(813) 229-2336 Facsimile
Attorney for Defendant Reginald Marquis Crimes